FLORENCE A. STEPHENSON, TRUSTEE, ESTATE OF THOMAS JEFFERSON STEPHENSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42382. Promulgated February 28, 1933.

*George Clark, Esq.,* and *Ralph R. Eltse, Esq.,* for the petitioner.
*C. A. Ray, Esq.,* for the respondent,

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in estate tax of $798.36. The respondent duly asserted claim to the increased deficiency that will result from including in the decedent's gross estate certain jointly owned property of the value of $7,500, which he asserts was erroneously excluded in determining the deficiency. The sole question in issue is whether the value of property owned by the decedent and his wife as joint tenants has been properly included in his gross estate.

The petitioner is the widow of Thomas Jefferson Stephenson, who died a resident of California, December 25, 1923. She filed an estate tax return for the estate of the decedent in which she reported a gross estate consisting entirely of jointly owned property of $123,242.91. From the gross estate was deducted funeral expenses, $700; attorneys' fees, $125; and specific exemption, $50,000, leaving a net estate of $72,417.91. In making such return the petitioner did not concede that there was any net estate subject to a Federal estate tax. The respondent determined that there was erroneously included in the gross estate $7,500 representing jointly owned property, the joint tenancy having been created in 1910, and determined that the net estate subject to tax was $64,917.91, upon which he determined a deficiency in estate tax of $798.36. By an amended answer the respondent contends that he was in error in excluding from the gross estate the jointly owned property in the amount of $7,500, above referred to, and now has moved to increase the deficiency by such erroneous exclusion from the gross estate.

Several of the joint tenancies were created long prior to 1916.

In this proceeding the petitioner contends that where the joint tenancies were created prior to 1916 and prior to the time when there was any Federal estate tax, the value of the interest of the decedent in such joint estate at the date of his death may not be included in the gross estate.

Section 402 of the Revenue Act of 1921 provides in part as follows:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*        \*        \*        \*        \*        \*        \*

(d) To the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person, or deposited in banks or other institutions in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth: *Provided*, That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time

acquired by such other person from the decedent for less than a fair consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: *Provided further*, That where any property has been acquired by gift, bequest, devise, or inheritance, as a tenancy in the entirety by the decedent and spouse, or where so acquired by the decedent and any other person as joint tenants and their interests are not otherwise specified or fixed by law, then to the extent of one-half of the value thereof.

The record before us does not show that the petitioner contributed anything to the acquisition of the jointly owned property.

In *Gwinn* v. *Commissioner*, 287 U. S. 224, it was held that the gross estate of a California decedent who died October 5, 1924, should include one-half of the value of property held by decedent and her son as joint tenants since 1915, each having contributed equal amounts to the purchase of the property. The court said:

The clear language of the 1924 statute repels the notion that it has no application to joint tenancies created prior to September 8, 1916. * * *

* * * * * * *

* * * The death became the generating source of definite accessions to survivor's property rights. * * *

The observation of the Supreme Court is equally applicable to the estate of a decedent dying in 1923, the pertinent language of the Revenue Act of 1921 not being substantially different from that of the Revenue Act of 1924 bearing upon the question involved.

It is further to be noted that in *Third National Bank & Trust Co. of Springfield* v. *White*, 45 Fed. (2d) 911, it was held that the value of the entire property held in tenancy by the entirety was subject to estate tax though the transfer was completed before the statute imposing the tax was enacted. There the tenancy by the entirety was created in 1915. This decision of the District Court was affirmed by the Circuit Court of Appeals for the First Circuit, 58 Fed. (2d) 1085, and by the Supreme Court, without opinion, on December 19, 1932.

From the above mentioned decisions there can be no question that the interest of the decedent in jointly owned property is includable in the gross estate of a decedent dying in 1923, even though that interest was acquired long prior to the effective date of the act.

There being no proof that any part of the property held by the decedent and his wife as joint tenants originally belonged to the petitioner, or that it was acquired by her from the decedent for a fair consideration in money or money's worth, the action of the respondent in including all of such jointly owned property in the decedent's gross estate is sustained. The deficiency should be recomputed accordingly.

*Judgment will be entered under Rule 50.*